IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEVELOPERS SURETY AND INDEMNITY COMPANY,<br><br>        **Plaintiff,**<br><br>      **v.**<br><br>NETWORK ELECTRIC, INC., a Utah corporation, BEN M. HANSEN, individually; TERI HANSEN, individually; MATTHEW I. BARLOW, individually; LISA BARLOW, individually; and DOES I through X, ROE CORPORATIONS I through X,<br><br>        **Defendants.** | **MEMORANDUM DECISION & ORDER**<br><br>**Case No. 2:12-cv-00289**<br><br>**United States District Court Judge Tena Campbell**<br><br>**Magistrate Judge Dustin Pead** |

On February 26, 2013, a document entitled "Client Consent To Withdrawal" was filed with the Court in the above entitled case (Document Number 29). The document indicates that Defendant Teri Hansen (Defendant) consents to the withdrawal of her attorney of record, Virginia Sudbury (Attorney Sudbury). The document further states that Defendant will file a "notice of appearance within 21 days after entry of the order, unless otherwise ordered by the court." *Id.*

Local District Court of Utah civil rule 83-1.4 sets forth the procedure for an attorney's withdrawal as counsel in a pending action. Specifically, the Rule states that an attorney will not be permitted to withdraw, except upon submission of:

[a] Motion to Withdraw as Counsel in the form prescribed by the court that includes: (I) the last known contact information of the moving attorney's client(s); (ii) the reasons for the withdrawal, (iii) notice that if the motion is granted and no Notice of Substitution of Counsel has been filed, the client must file a notice of appearance within twenty-one (21) days after entry of the order, unless otherwise ordered by the court, (iv) notice that pursuant to DUCivR 83-1.3, no corporation, association, partnership, limited liability company or other artificial entity may appear pro so, but must be represented by an attorney who is admitted to practice in this court, and (v) certification by the moving party that the motion was sent to the moving attorney's client and all parties.

DUCivR 83-1.4(a)(1)(A).

Additionally, if an attorney is withdrawing subject to a client's consent, the consent must be submitted with the motion. *See* DUCivR 83-1.4(b)(1) ("Where the withdrawing attorney has obtained the written consent of the client, such consent must be submitted with the motion.").

In this case, the only document submitted to the court associated with Attorney Sudbury's withdrawal is a "Client Consent To Withdrawal," presumably filed pursuant to DUCivR 83-1.4(b)(1). However, even though Defendant has consented to the withdrawal of her attorney from the case, before the Court may grant a withdrawal, Attorney Sudbury must file a Motion To Withdraw pursuant to the specifications set forth under DUCiv R 83-1.4 (a)(1)(A).

Accordingly, the Court hereby ORDERS Attorney Virginia Sudbury to file a Motion To Withdraw from the pending action, pursuant to DUCiv R 83-1.4(a)(1)(A) within ten (10) days from the date of this Order.

DATED this 1st  day of May, 2012.

_____

Dustin Pead

U.S. Magistrate Judge